UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JONATHAN BURCHFIELD, *et al.* | § § § § | |
| Plaintiffs, | | |
| v. | § § § | Civil Action No.: 7:18-cv-00042 |
| BRAVURA INFORMATION TECHNOLOGY SYSTEMS, INC., *et al*. | § § § § | |
| Defendants. | § | |

## **DEFENDANTS BRAVURA INFORMATION TECHNOLOGY SYSTEMS, INC. AND CLAUDINE ADAMS' ANSWER TO THE COMPLAINT**

Under Rule 8(b) of the Federal Rules of Civil Procedure, Defendants generally deny the factual allegations contained within Plaintiff's Original Complaint except those expressly admitted herein. Defendants deny any allegations which mischaracterize, distort or otherwise misrepresent facts. Subject thereto, Defendants answer as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Paragraph 9 alleges only a legal conclusion to which no response is required. Defendants deny any remaining factual allegations.

10. Denied.

## JURISDICTION AND VENUE

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

## PARTIES

15. Defendants admit that Bravura employed Plaintiff Burchfield to work in Texas and Bravura senior management directed the company from Bravura's headquarters in Aberdeen, Maryland. Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore deny the same.

16. Admitted.

17. Paragraph 17 calls for a legal conclusion to which no response is required. Defendants deny any remaining factual allegations in Paragraph 17.

18. Defendants admit that Bravura senior management directed the company from Bravura's headquarters in Aberdeen, Maryland.

19. Admitted.

## COLLECTIVE ACTION ALLEGATIONS

20. Denied.

21. Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

22. Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

23. Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

24. Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

25. Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

26. Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

27. Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

28. Denied.

**STATEMENT OF FACTS**

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Defendants admit that Plaintiff recorded hours worked in Bravura's computer timekeeping system starting on or around March 16, 2017. Defendants deny the remaining allegations in this paragraph.

35. Denied.

36. Denied.

37. Admitted.

38. Defendants admit that the tasks listed are among the job duties that Plaintiffs perform or performed for Bravura, but deny plaintiff's characterization of such tasks as "routine, manual tasks" and deny all remaining allegations in this paragraph.

3

39. Defendants deny Plaintiffs are required to participate in change-over/pass-down meetings prior to their designated start time. Defendants admit the remaining allegations in this paragraph.

40. Admitted.

41. Denied.

42. Denied.

43. Denied.

44. Admitted.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Admitted.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

#58955167_v1

61. Denied.

62. Denied.

## **COUNT I**

63. Defendants incorporate each and every response of the preceding paragraphs as though fully set forth herein.

64. Denied.

65. Paragraph 65 alleges only a legal conclusion to which no response is required. Defendants deny any remaining factual allegations.

66. Paragraph 66 alleges only a legal conclusion to which no response is required. Defendants deny any remaining factual allegations.

67. Paragraph 67 alleges only a legal conclusion to which no response is required. Defendants deny any remaining factual allegations.

68. Admitted.

69. Defendants presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny the same.

70. Admitted.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

## COUNT II

81. Defendants incorporate each and every response of the preceding paragraphs as though fully set forth herein.

82. Defendants admit that Bravura employed the Plaintiff and denies any remaining allegations in this paragraph.

83. Defendants admit that Bravura agreed to pay Plaintiffs a salary to cover all hours worked, without limitation, and deny the remaining allegations in this paragraph.

84. Denied.

85. Denied.

86. Denied.

## COUNT III

87. Defendants incorporate each and every response of the preceding paragraphs as though fully set forth herein.

88. Defendants admit that Bravura has employed Plaintiff, and denies any remaining allegations in this paragraph.

89. Denied.

90. Denied.

## AFFIRMATIVE DEFENSES

1. At all times during his employment with Bravura, Plaintiffs were properly classified as exempt under the FLSA, and he is thus not entitled to overtime compensation.

2. At all times relevant to this action, Defendants engaged in good-faith efforts to comply with the FLSA and to appropriately classify Plaintiffs as exempt. Defendants actions were not willful.

6

3. If it is proven that Bravura did not comply with the FLSA, Plaintiffs are entitled to no more than one-half his regular rate of pay for overtime hours in a workweek because their salaries were intended, and did, compensate them for all hours worked, without limitation.

4. If it is proven that Defendants did not comply with the FLSA, Defendants are entitled to set-off against any recovery by Plaintiffs (a) any amounts paid them for hours they did not work, and (b) for any compensation or benefits that they would not have received if he had been classified as a "non-exempt" employee within the meaning of the FLSA.

5. Plaintiffs' claims are barred, in whole or in part, by the defense of waiver, estoppel, laches, ratification, acquiescence or unclean hands.

6. Certain of Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction to the extent Plaintiff's accepted a salary for all hours worked and recorded.

7. Certain of Plaintiff's claims are barred to the extent Plaintiffs were engaged in activities that were preliminary or post-liminary to their principal activities, 29 U.S.C. § 254, or were otherwise not compensable time.

8. Defendants' acts or omissions with respect to Plaintiffs' compensation were in good faith and with reasonable grounds to believe Defendants were not violating the law and were not willful.

9. Plaintiff's common law claims are pre-empted under federal law, which provides Plaintiffs' exclusive remedy.

10. Defendants give notice that it intends to rely on any other defenses that may become apparent during discovery in this case, and hereby reserves its right to amend this Answer and/or to assert any such defenses in the future.

## PRAYER FOR RELIEF

Defendants deny all allegations contained in Plaintiff's prayer for relief and deny that Plaintiff is entitled to any of the requested relief in subparts (A)–(L), or any relief at all.

WHEREFORE, Defendants Bravura Information Technology Systems, Inc. and Claudine Adams pray for entry of judgment in their favor, and that the Court award them their costs in defending this action and such further relief that is just and proper.

Dated: July 31, 2018.

        Respectfully submitted,

        **HOLLAND & KNIGHT LLP**

        By:  *s/ Charles T. Jeremiah*
            Charles T. Jeremiah
            charles.jeremiah@hklaw.com
            Texas Bar No. 00784338
            Jason Huebinger
            jason.huebinger@hklaw.com
            Texas Bar No. 24065460
            1100 Louisiana Street, Suite 4300
            Houston, Texas 77002
            Telephone: (713) 821-7000
            Facsimile: (713) 821-7001

        **ATTORNEYS FOR DEFENDANTS**

        Of Counsel:

        **HOLLAND & KNIGHT LLP**
        Kara M. Ariail
        (admitted *pro hac vice*)
        Virginia Bar No. 46817
        Kevin D'Olivo
        (admitted *pro hac vice*)
        Virginia Bar No. 90655
        1650 Tysons Boulevard, Suite 1700
        Tysons, Virginia 22102
        Telephone: (703) 720-8027

**CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day on counsel identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    Cynthia R. Levin Moulton
    Lance C. Arney
    800 Taft Street
    Houston, Texas 77019
    Telephone: (713) 353-6699
    Facsimile: (713) 353-6698
    cmoulton@moultonwilsonarney.com
    larney@moultonwilsonarney.com

    Peter R. Rosenzweig
    (admitted *pro hac vice*)
    Kleinbard LLC
    One Liberty Place, 46th Floor
    1650 Market Street
    Philadelphia, Pennsylvania 19103
    Telephone: (267) 443-4120
    Telecopier: (215) 568-0140

                                    */s/ Charles T. Jeremiah*
                                        Charles T. Jeremiah